FILED

2009 Jun-03  PM 04:05
U.S. DISTRICT COURT
N.D. OF ALABAMA

FILED

09 JUN -2 AM 9: 44

U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **TERRY R. MORGAN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No.:** |
| ) | |
| **NATIONAL CREDIT ADJUSTERS,** ) | |
| **LLC; EQUIFAX INFORMATION** ) | CV-09-TMP-1091-S |
| **SERVICES, INC.; TRANS UNION,** ) | |
| **LLC,** ) | |
| ) | |
| **Defendants.** ) | |

## COMPLAINT

**COMES NOW** the Plaintiff, by and through counsel, in the above styled cause, and for Plaintiff's Complaint against the Defendants states as follows:

## Jurisdiction & Venue

1.  This is an action brought by a consumer for violations of the Fair Credit Reporting Act (15 U.S.C. § 1681 et seq. [hereinafter "FCRA"] and the Fair Debt Collection Practices Act[1]  (15 U.S.C. § 1692 et seq. [hereinafter "FDCPA"]).  Therefore, subject matter jurisdiction exists under 28 U.S.C. Section 1331.

---

[1] Any reference the FDCPA or FCRA or any part thereof encompasses all relevant parts and subparts thereto.

2.    This action is also brought under Alabama state law.  These claims are brought under 28 U.S.C. Section 1332 as there exists complete diversity and the amount in controversy exceeds Seventy Five Thousand Dollars ($75,000), exclusive of costs and interests.

3.    The state law claims are also properly before this court based upon supplemental jurisdiction under 28 U.S.C. Section 1367 as the state law claims form part of the same case or controversy as the federal claims as they are based upon substantially similar and overlapping facts.

4.    Venue is proper in this Court under 28 U.S.C. Section 1391(b) as the events took place in this Judicial District and the Defendants reside in this Judicial District as all Defendants are subject to personal jurisdiction in this Judicial District.

## **Parties**

5.    The Plaintiff, Terry Morgan ("Plaintiff" or "Plaintiff Morgan"), is a natural person who resides within this Judicial District.

6.    Defendant National Credit Adjusters, LLC ("Defendant" or "NCA") is a foreign company debt collection firm that engages in the business of debt collection.  It conducts business in this Judicial District.  Its principal place of business is in the State of Kansas and it is incorporated in Kansas.

7.   Defendant Equifax Information Services, LLC ("Defendant" or "Equifax") is a foreign company (incorporated in Georgia) that engages in the business of maintaining and reporting consumer credit information and does business in this Judicial District.   Its principal place of business is the State of Georgia and it is incorporated in Georgia.

8.   Defendant Trans Union, LLC ("Defendant" or "Trans Union") is a foreign company (incorporated in Delaware) that engages in the business of maintaining and reporting consumer credit information and does business in this Judicial District.   Its principal place of business is the State of Illinois and it is incorporated in Delaware.

## **Factual Allegations**

9.   In 2009, Plaintiff pulled his credit reports and found NCA reporting negatively on a debt that is somehow connected with a company called "Cashnet".

10.   Plaintiff has never done business with Cashnet.

11.   Plaintiff has never done business with NCA.

12.   Plaintiff has never heard of or dealt with NCA or Cashnet.

13.   Plaintiff disputed with the Defendants NCA, Equifax and Trans Union in March 2009.

14. The March 2009 dispute told all Defendants (including NCA) that this was not his account.

15. The Defendant CRAs have verified this false account and have decided to keep it on his credit reports.

## RESULTS OF INVESTIGATION FROM NCA

16. Defendant NCA signed for the dispute letter on April 2, 2009.

17. As of the date of the filing of this Complaint, Plaintiff has not received a response from Defendant NCA.

18. Defendant NCA told Defendants Equifax and Trans Union to keep this false account on Plaintiff's credit reports.

## CREDIT REPORTS AND RESULTS OF
## INVESTIGATION FROM EQUIFAX

19. On April 1, 2009, Defendant Equifax signed for the dispute letter.

20. On May 12, 2009, Defendant Equifax completed its investigation and shows the NCA account as "charged off as a collection account", an individual account, a balance of $605 and "Equifax verified the item".

## CREDIT REPORTS AND RESULTS OF
## INVESTIGATION FROM TRANS UNION

21. On April 2, 2009, Defendant Trans Union signed for the dispute letter.

22. On April 30, 2009, Defendant Trans Union completed its investigation and shows the NCA account as "a collection account", an individual account, a balance of $605 and "Verified, No Change".

## PARKING

23. Defendant NCA has a policy to "park" its accounts on at least one of the consumer's credit report. This is a term in the industry for keeping a false balance (or false account) on the credit report so that the consumer will be forced to pay off the balance in order to obtain a refinancing or to qualify for a loan or to increase the consumer's credit score from the artificially lowered score which directly resulted from the Defendant's intentional and malicious conduct.

24. In parking or allowing the parking of an account, Defendants know they are violating their obligations and duties under federal and state law to accurately report the account and the balance.

25. Defendants know that parking a balance will lead to false and defamatory information being published every time the Plaintiff Morgan's credit report is accessed and this is the malicious and intentional design behind Defendants' actions with the goal to force the Plaintiff Morgan to pay on an account Plaintiff Morgan does not owe.

## ADDITIONAL WRONGFUL CONDUCT

26.   All Defendants maliciously, willfully, intentionally, recklessly, and/or negligently failed to review the information provided in the disputes and that was already in their files and to conduct a reasonable investigation on Plaintiff Morgan's disputes, which led as a direct result and consequence to all of the Defendants either failing to delete information found to be inaccurate, failing to replace the inaccurate information with accurate information, and/or reinserting the information without following the dictates of the FCRA.

27.   At all relevant times the Defendants Equifax and Trans Union failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff Morgan's credit report, concerning the account in question, violating 15 U.S.C. § 1681e(b) and state law.

28.   Defendant NCA failed to properly maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff Morgan's credit information and Plaintiff Morgan's credit report, concerning the account in question, thus violating state law and FDCPA as set forth in this Complaint.  These violations occurred before, during, and after the dispute process began with the consumer reporting agencies.

29.    Defendant NCA has taken illegal aggressive actions in a continued effort to collect the alleged debt against Plaintiff Morgan.  These actions include the continued reporting of the debt to third parties, including consumer-reporting agencies such as Equifax and Trans Union, that Plaintiff Morgan owes the debt, that Plaintiff Morgan defaulted, and that the account is in collections with a balance currently owed.

30.    The Defendants Equifax and Trans Union have failed to maintain Plaintiff Morgan's account with maximum accuracy and these Defendants Equifax and Trans Union and Defendant NCA have failed to properly investigate the account in response to the disputes made by Plaintiff Morgan.

31.    The conduct of the Defendants has proximately caused Plaintiff Morgan past and future monetary loss, past and future damage to Plaintiff Morgan's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

32.    It is a practice of all of the Defendants to maliciously, willfully, recklessly, wantonly and/or negligently ignore and refuse to follow the requirements of the FDCPA (Defendant NCA), FCRA (all Defendants) and state law (all Defendants).

33.    All actions taken by employees, agents, servants, or representatives of any type for the Defendants were taken in the line and scope of such individuals (or entities') employment, agency or representation.

34.    All actions taken by the Defendants were done with malice, were done willfully, and were done with either the desire to harm Plaintiff Morgan and/or with the knowledge that their actions would very likely harm Plaintiff Morgan and/or that their actions were taken in violation of the FCRA and/or FDCPA and/or state law and/or that they knew or should have known that their actions were in reckless disregard of the FCRA and/or FDCPA and/or state law.

35.    All Defendants have engaged in a pattern and practice of wrongful and unlawful behavior with respect to accounts and consumer reports and as such all Defendants are subject to punitive damages and statutory damages and all other appropriate measures to punish and deter similar future conduct by these Defendants and similar companies.

## DAMAGES

36.    Plaintiff Morgan has suffered great past and future emotional distress from having the Defendants either ignore Plaintiff Morgan's plea for help. The Defendants' conduct has caused Plaintiff Morgan to feel that these companies have no respect for Plaintiff. These Defendants have treated

Plaintiff Morgan with contempt and in a high handed manner which has only intensified the grief and mental anguish  The embarrassment  of knowing that Plaintiff Morgan's credit reports were and are wrong is severe and knowing that companies Plaintiff Morgan does business with have seen these defamatory and false reports is very troubling.

37. The conduct of Defendants has caused past and future monetary loss and damage to Plaintiff Morgan's credit score, worthiness, and reputation.

38. All employees and/or agents for each Defendant acted in the line and scope of their employment and/or agency relationship with Defendant.

## FIRST CLAIM FOR RELIEF
### Violations of the Fair Credit Reporting Act (FCRA)

39. All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

40. Plaintiff Morgan is a "consumer," as codified at 15 U.S.C. § 1681a(c).

41. Defendants Equifax and Trans Union are "consumer reporting agencies," as codified at 15 U.S.C. § 1681a(e).

42. NCA is an entity who, regularly and in the course of business, furnishes information to one or more consumer reporting agencies about its transactions or experiences with any consumer and constitutes a "furnisher," as codified at 15 U.S.C. § 1681s-2.

43. Plaintiff Morgan notified Equifax and Trans Union directly of a dispute on the NCA account as it did not belong to Plaintiff Morgan and they directly and timely and properly notified[2] NCA in accordance with the requirements of the FCRA.

44. Plaintiff Morgan alleges that NCA failed in all respects to conduct a proper and lawful investigation from start to finish.

45. Plaintiff Morgan alleges that Defendants Equifax and Trans Union failed in all respects to conduct a proper and lawful investigation from start to finish.

46. Defendants Equifax and Trans Union have at all relevant times failed to maintain reasonable procedures to assure maximum accuracy and have violated § 1681e(b).

47. All actions taken by Defendants were done with malice, were done willfully, recklessly and/or were done with either the desire to harm Plaintiff Morgan and/or with the knowledge that its actions would very likely harm Plaintiff Morgan and/or that its actions were taken in violation of the FCRA and/or that knew or should have known that its actions were in reckless disregard of the FCRA.

---

[2] In the alternative, Defendants Equifax and Trans Union did not notify Defendant NCA properly and thereby violated the requirements of the FCRA to do so.

48.  All of the violations of the FCRA proximately caused the injuries and damages set forth in this Complaint.

### SECOND CLAIM FOR RELIEF
### Negligent, Reckless, and Wanton Conduct

49.  All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

50.  Defendants each assumed a duty, through the subscriber agreement and other actions, to accurately report the balances of Defendant's accounts.

51.  Defendants have agreed to follow and understand they must follow the requirements of the FCRA including:

- 15 U.S.C. § 1681(a)(1)(a) which states:

"A person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate."

- 15 U.S.C. § 1681(a)(1)(B) which states:

"A person shall not furnish information relating to a consumer to any consumer reporting agency if –
(i)   the person has been notified by the consumer, at the address specified by the person for such notices, that specific information is inaccurate; and
(ii)  the information is, in fact, inaccurate."

- 15 U.S.C. § 1681(a)(2) which states:

" A person who –
(A)  regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about

the person's transactions or experiences with any consumer; and

(B)   has furnished to a consumer reporting agency information that the person determines is not complete or accurate, shall promptly notify the consumer reporting agency of that determination and provide to the agency any corrections to that information, or any additional information, that is necessary to make the information provided by the person to the agency complete and accurate, and shall not thereafter furnish to the agency any of the information that remains not complete or accurate."

[Emphasis added].

52.   Defendants each have a duty under Alabama law to act reasonably under the circumstances.

53.   Defendants each have violated this duty under Alabama law by failing to act reasonably under the circumstances which include, but are not limited[3] to, the following:

- Defendants know Plaintiff Morgan did not owe any money on any NCA account;

- Defendants routinely update credit reports;

- Defendants know and have agreed they must follow the FCRA which requires inaccurate information to be removed;

- Defendants have chosen to update the account falsely; and

---

[3] Until discovery is completed, Plaintiff Morgan cannot know all the circumstances for each Defendant.

- Defendants know their actions will harm the Plaintiff, Plaintiff's credit worthiness, and/or Plaintiff's credit score;

54. Defendants each violated all of the duties the Defendants had and such violations were made recklessly, wantonly, and negligently as Defendants refused to comply with all of the duties each Defendant had.

55. It was foreseeable, and each of the Defendants did in fact foresee it, that refusing to properly update would cause the exact type of harm suffered by Plaintiff Morgan.

56. Defendants each acted with negligence, wantonness, and/or recklessness conduct in their dealings with and about Plaintiff Morgan as set forth in this Complaint. This includes the initial reporting of Defendants' accounts; the refusal to properly update/delete the accounts; and all other aspects as set forth in this Complaint.

57. Plaintiff Morgan has been damaged as a proximate result of each Defendant's wrongful conduct as set forth in this Complaint.

## THIRD CLAIM FOR RELIEF
## <u>Malicious, Intentional[4] and Willful Conduct</u>

58. All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

59. Defendants each assumed a duty, through the subscriber agreement and other actions, to accurately report the balances of Defendant's accounts.

60. Defendants have agreed to follow and understand they must follow the requirements of the FCRA including:

- 15 U.S.C. § 1681(a)(1)(a) which states:

"A person shall <u>not furnish</u> any information relating to a consumer to any consumer reporting agency if the person <u>knows or has reasonable cause to believe that the information is inaccurate</u>."

- 15 U.S.C. § 1681(a)(1)(B) which states:

"A person shall <u>not furnish information</u> relating to a consumer to any consumer reporting agency if –
(iii)   the person has been notified by the consumer, at the address specified by the person for such notices, that specific information is inaccurate; and
(iv)   the <u>information is, in fact, inaccurate</u>."

- 15 U.S.C. § 1681(a)(2) which states:

---

[4] Even though this is in a different "Claim For Relief", a recent U.S. Supreme Court opinion dealing with the FCRA has held that there is no distinction between wanton (reckless) conduct and intentional (willful) conduct. *See Safeco Ins. Co. v. Burr*, 127 S.Ct. 2201, 2207-10 (2007)(citing *Prosser's Law of Torts* "Although efforts have been made to distinguish the terms 'willful,' 'wanton,' and 'reckless,' such distinctions have consistently been ignored, and the three terms have been treated as meaning the same thing, or at least as coming out at the same legal exit").

" A person who –

(C)    regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about the person's transactions or experiences with any consumer; and

(D)    <u>has furnished</u> to a consumer reporting agency information that the person <u>determines is not complete or accurate</u>, shall <u>promptly notify</u> the consumer reporting agency of that determination and provide to the agency <u>any corrections</u> to that information, or any additional information, that is <u>necessary to make</u> the <u>information</u> provided by the person to the agency <u>complete</u> and <u>accurate</u>, and shall not thereafter furnish to the agency any of the information that remains not complete or accurate."

[Emphasis added].

61.    Defendants each have a duty under Alabama law to act reasonably under the circumstances.

62.    Defendants each have violated this duty under Alabama law by failing to act reasonably under the circumstances which include, but are not limited[5] to, the following:

•    Defendants know Plaintiff Morgan did not owe any money on any NCA account;

•    Defendants routinely update credit reports;

•    Defendants know and have agreed they must follow the FCRA which requires inaccurate information to be removed;

---

[5] Until discovery is completed, Plaintiff Morgan cannot know all the circumstances for each Defendant.

- Defendants have chosen to update the account falsely; and

- Defendants know their actions will harm the Plaintiff, Plaintiff's credit worthiness, and/or Plaintiff's credit score;

63. Defendants each violated all of the duties the Defendants had and such violations were made intentionally, willfully, and maliciously as Defendants refused to comply with all of the duties each Defendant had.

64. Each Defendant has acted in utter disregard for the rights of the Plaintiffs and have decided to take (or fail to take) action which Defendant knows or is substantially certain will result in harm to Plaintiffs. The Defendants have acted wrongfully without just cause or excuse as Defendants have and had an intent to harm the Plaintiffs and/or acted with an evil intent.

65. It was foreseeable, and each of the Defendants did in fact foresee it, that refusing to properly update would cause the exact type of harm suffered by the Plaintiffs.

66. Defendants each acted with malice and/or intentional (willful) conduct in their dealings with and about Plaintiffs as set forth in this Complaint. This includes the initial reporting of Defendants' accounts; the intentional refusal to properly update/delete the accounts; and all other aspects as set forth in this Complaint.

67.   Plaintiffs have been damaged as a proximate result of each Defendant's wrongful conduct as set forth in this Complaint.

## FOURTH CLAIM FOR RELIEF
### Invasion of Privacy

68.   All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

69.   Defendants each recklessly, intentionally, and/or willfully invaded the privacy of Plaintiff as set forth in Alabama law, including publishing false information about Plaintiff's personal financial obligations and refusing to properly update the credit reports as described in this Complaint.

70.   Plaintiff has been damaged as a proximate result of each Defendant's wrongful conduct as set forth in this Complaint.

## FIFTH CLAIM FOR RELIEF
### Defamation

71.   All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

72.   Defendants falsely published false information even after Plaintiff demanded that the false information be removed.

73.   Plaintiff has been damaged by the multiple publications of this false information which was the purpose behind Defendants' intentional and malicious conduct.

## SIXTH CLAIM FOR RELIEF
### Misrepresentation and/or Suppression

74.   All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

75.   Defendants each intentionally, maliciously, recklessly and/or negligently have committed misrepresentations of material facts in that each of the Defendants has falsely represented that Plaintiff owes money to NCA and has suppressed the truth that this is not the Plaintiff's account.

76.   NCA has intended that all who review the credit reports of Plaintiff will rely upon the misrepresentations and suppressions of material facts related to the balance owed and the lack of indication that the accounts do not belong to the Plaintiff.

77.   Defendants Equifax and Trans Union have intended that all who review the credit reports of Plaintiff will rely upon the misrepresentations and suppressions of material facts related to the balance owed and the lack of indication that the accounts do not belong to the Plaintiff.

78.   Defendants have each intended that the justifiable and reasonable reliance by others would adversely affect the Plaintiff and that has been the result.

79.   Such negligence, malice, wantonness, recklessness, willfulness, and/or intentional conduct related to the misrepresentations and suppressions of

material facts has proximately caused the damages set forth in this complaint.

## SEVENTH CLAIM FOR RELIEF
### Violations of the Fair Debt Collection Practices Act

80. All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

81. Defendant NCA violated the FDCPA in numerous ways, including, but not limited to the following:

   a. Falsely reporting the debt on Plaintiff's credit reports when Plaintiff does not owe the money;

   b. Falsely representing the character, amount, or legal status of the debt which is not owed;

   c. Engaging in illegal collection activities on a debt that Plaintiff does not owe and that Defendant is not entitled to collect upon.

   d. Updating Plaintiff's credit reports to show that Plaintiff still owes this money; and

   e. Updating the credit reports to show that the account was past due and in collections.

82. Because of the violations of the FDCPA, the Defendant NCA is liable to the Plaintiff Morgan for declaratory judgment that its conduct violated the

FDCPA, and a judgment for actual damages, statutory damages, costs, expenses, and attorneys' fees.

## RELIEF SOUGHT

83.   An award of statutory, actual, compensatory and punitive damages, in an amount to exceed $75,000.00 and costs of the action including expenses, together with reasonable attorney's fees.

84.   Plaintiff also requests all further relief to which Plaintiff is entitled under State law, whether of a legal or equitable nature.

Respectfully Submitted,

/s/ John G. Watts
**John G. Watts ASB-5819-T82J**
Attorney for Plaintiff

**OF COUNSEL:**
Watts Law Group, PC
700 29th Street South
Suite 201
Birmingham, Alabama 35233
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattslawgroup.com

/s/ M. Stan Herring
**M. Stan Herring ASB-1074-N72M**
**Attorney for Plaintiff**

**OF COUNSEL:**
M. Stan Herring, P.C.
700 29th Street South
Suite 201
Birmingham, Alabama 35233
(205) 714-4443
(888) 522-7167 *facsimile*
msh@mstanherringlaw.com

**<u>Serve Defendants via certified mail at the following addresses:</u>**

National Credit Adjustors, LLC
c/o International Financial Services, Inc.
327 W 4th Street
Hutchinson, Kansas 67501

Equifax Information Services, LLC
c/o CSC Lawyers Incorporating Service, Inc.
150 S. Perry Street
Montgomery, Alabama 36104

Trans Union, LLC
Prentice-Hall Corporation System Inc
150 S. Perry St.
Montgomery, AL  36104